UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZIONS FIRST NATIONAL BANK, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>STONE SYSTEMS, INC., an Idaho corporation; CUSTOM INTERIORS UNLIMITED, INC., an Idaho corporation; TORTEL PROPERTIES, LLC, an Idaho limited liability corporation; MYLES TORTEL, individually; VENITA TORTEL, individually;<br><br>Defendants. | Case No. 4:11-cv-000459-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff Zions First National Bank's Motion to Remand (Dkt. 5). Having reviewed the record, the Court has determined that oral argument will not significantly aid the decisional process. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

In 2006, Plaintiff Zions First National Bank loaned money to Defendants Stone Systems, Inc., Custom Interiors Unlimited, Inc., Tortel Properties, LLC, Myles Tortel, and Venita Tortel. Defendants defaulted on the loans, and on January 29, 2010, Zions filed a lawsuit against them in state court in Bonneville County to collect the sums Zions alleges they owed it. The complaint filed by Zions in state court stated that Zions is a national banking association located in Utah and established that the amount in controversy exceeded $75,000. *State Ct. Compl.* ¶¶ 1-6, Ex. A to Notice of Removal, Dkt. 1-2.

On February 16, 2010, Myles Tortel and Venita Tortel appeared pro se in the Bonneville County case and filed a counterclaim against Zions. *State Ct. Dkt.*, Ex. A to Erickson Aff., Dkt. 5. Stone Systems, Custom Interiors Unlimited, and Tortel Properties failed to respond or appear, however, and a default judgment was entered against them. *Default Judgment*, Ex. C to Erickson Aff, Dkt. 5.

In September 2010, The Tortels' counterclaim against Zions was dismissed when they failed to respond to Zions' motion to dismiss. *Order Granting Motion to Dismiss Counterclaim*, Ex. D. to Erickson Aff, Dkt. 5. Six months later, in March 2011, summary judgment was entered against Myles Tortel. *Judgment*, Ex. F to Erickson Aff, Dkt. 5. Zions did not file summary judgment against Venita Tortel because she had filed for Chapter 7 bankruptcy in December 2010.

In August 2011, after Venita Tortel voluntarily dismissed her bankruptcy proceedings, Zions filed a motion for summary judgment against her. The state court

scheduled a hearing on that motion for October 3, 2011. On September 30, 2011– over a year and a half after Zions filed its original complaint – all Defendants joined in filing a Notice of Removal from state court to federal court. Now Zions asks the Court to remand this action to state court.

## ANALYSIS

Defendants seek to remove this action based both on diversity and federal question jurisdiction.

28 U.S.C. § 1446(b) prohibits removal on the basis of jurisdiction conferred by Section 1332 more than one year after commencement of the action. Section 1332 refers to diversity jurisdiction. More than one year has passed since the action was filed in state court, and it was evident from the face of the state court complaint that diversity jurisdiction existed at the time the complaint was filed. Therefore, to the extent Defendants seek to remove this action based on diversity, their removal petition is not timely.

Moreover, Defendants' attempt to remove this case based on a federal question is equally flawed. Zions assert no federal claims in their state court complaint. And even if the Tortels' counterclaim had not been dismissed *and* the Tortels asserted counterclaims "arising under" federal law as they purport, it would not give the Court subject matter over the action. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830-31 (2002). In *Holmes*, the Supreme Court reiterated that the "well-pleaded" rule, which provides that whether a case "arises under" federal law, must be determined from the plaintiff's statement of his own claim in the complaint. *Id.* at 830-31. It concluded

"that a counterclaim – which appears as part of a defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. Similarly, in this case, Tortels' counterclaim – asserted in its answer in state court – cannot serve as the basis for 'arising under' jurisdiction.

Defendants' argument that this case involves "civil rights issues" and these issues confer jurisdiction on this Court also fails. Defendants contend that this case raises "unlawful detainer" issues. But that is simply untrue. Zions does not make any unlawful detainer claims. Rather, it alleges that Zions loaned Defendants money, and Defendants failed to pay it back. Contrary to any suggestion by Defendants, such a claim does not raise civil rights issues. Accordingly, the Court will grant Zions' motion to remand.

The Court, however, will deny Zions' request for attorney fees under 42 U.S.C. § 1988. Courts may only award attorney fees under 42 U.S.C. § 1988 to a prevailing party if "the action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 (1980) (citations omitted). Court do not routinely award attorneys' fees to prevailing defendants – routine awards would have an overly deterrent effect on civil rights plaintiffs and would discourage the vigorous private enforcement of the civil rights laws. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421 (1978).

This admonishment applies with special force in actions initiated by uncounseled plaintiffs. *Hughes,* 449 U.S. at 14. Attorney fees should be awarded against a pro se plaintiff only in rare cases *Id.* But, for example, if the pro se plaintiff makes repeated attempts to bring a claim that has been previously found frivolous, an award to

defendants may be appropriate. *Miller v. L.A. Board of Education,* 827 F.2d 617, 620 (9th Cir.1987).

In this case, given the admonishment that attorney fees should be awarded against a pro se litigant only in rare cases and Defendants are pro se, the Court does not find that an award of attorney fees is warranted. This, however, does not mean the Court condones Defendants' actions. It seems Defendants repeatedly failed to respond to Zions' motions, and then at the eleventh hour sought to remove this action to federal court – based on very weak grounds – to avoid a summary judgment hearing against Venita Tortel. If Defendants persist in this course of conduct in federal court, an award of attorney fees may become appropriate.

## ORDER

**IT IS ORDERED** Plaintiff Zions First National Bank's motion to remand (Dkt. 5) is GRANTED but the Zions' request for attorney fees is DENIED.

DATED: January 6, 2012

B. Lynn Winmill
Chief Judge
United States District Court